# Exhibits
# A & B

# Plaintiff's Original Petition



CT Corporation
Service of Process Notification
08/25/2022
CT Log Number 542190087

## Service of Process Transmittal Summary

**TO:** Luisa Gomes
Ross Stores, Inc.
5130 Hacienda Dr
Dublin, CA 94568-7635

**RE:** Process Served in Texas

**FOR:** Ross Stores, Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GLORIA DAIL // To: Ross Stores, Inc. |
| **CASE #:** | 119313CV |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/25/2022 at 02:40 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2022, Expected Purge Date: 08/30/2022 |
| | Image SOP |
| | Email Notification,  Luisa Gomes  maria.gomes@ros.com |
| | Email Notification,  Vanessa Langlais  vanessa.langlais@sedgwick.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Aug 25, 2022
**Server Name:** Jacob Nordgren

| Entity Served | ROSS STORES, INC. |
|---|---|
| Case Number | 119313-CV |
| Jurisdiction | TX |

| Inserts | |
|---|---|
| | |



DSC-18609
EXP 7-31-22
8-25-22

CAUSE NO. 119313-CV
412th District Court

THE STATE OF TEXAS                                                                                          CITATION

TO:   **ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS**                                     Defendant
      **By serving its Registered Agent**
      **CT Corporation Systems**
      **350 N. St. Paul, Suite 2900**
      **Dallas, Texas 75201, or wherever they may be found**

NOTICE:

    You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

    The case is presently pending before the **412th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **23rd day of August, 2022**. It bears Cause No. **119313-CV** and Styled:

**Gloria Dail**
vs.
**Ross Stores, Inc. d/b/a Ross Dress for Less**

    The name and address of the Attorney filing this action (or Party, if Pro Se) is **Jennifer H. Kahn, The Kahn Law Firm, P.C., 2225 County Road 90, Suite 109, Pearland, Texas 77584.**

    The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

    Issued under my hand and the seal of said Court, at Angleton, Texas, on the **25th day of August, 2022.**

**DONNA STARKEY, DISTRICT CLERK**
**Brazoria County, Texas**

By _____, Deputy
    Stephanie Nutt

Digitally signed by Stephanie Nutt
Date: 2022.08.25 11:27:04 -05'00'

**Service Copy**

Citation by Registered Agent

RETURN OF SERVICE

CAUSE NO. 119313-CV     412th District Court

GLORIA DAIL
VS.
ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS

ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS
By serving its Registered Agent
CT Corporation Systems
350 N. St. Paul, Suite 2900
Dallas, Texas 75201, or wherever they may be found


Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME     DATE     TIME     PLACE, COURSE, AND DISTANCE FROM COURTHOUSE     MILEAGE
_____
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____
_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy           $_____     _____, Officer
Mileage: _____ miles @ $_____ per mile   $_____     _____ County, Texas
Total                               $_____     _____
                                                    Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                (First, Middle, Last)
address is_____
            (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.


                                            _____
                                            Declarant/Authorized Process Server


                                            _____
                                            (ID No. and expiration of certification)

Filed for Record
8/23/2022 3:25 PM
Donna Starkey, District Clerk
Brazoria County, Texas
119313-CV
Stephanie Nutt, Deputy

CAUSE NO. __119313-CV__

| | | |
|---|---|---|
| **GLORIA DAIL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **ROSS STORES, INC. D/B/A ROSS** | § | |
| **DRESS FOR LESS** | § | **BRAZORIA COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION,**</u>

TO THE HONROABLE JUDGE OF SAID COURT:

COMES NOW, GLORIA DAIL, hereinafter referred to as "Plaintiff," in the above entitled and numbered cause, complaining of and against ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS, hereinafter "Defendant," and for cause of action would show the following unto the Court:

**I.**
<u>**DISCOVERY CONTROL PLAN**</u>

1. Plaintiff intends that this case be conducted in accordance with a Level 2 Discovery Control Plan, pursuant to Texas Rule of Civil Procedure 190.4.

**II.**
<u>**PARTIES**</u>

2. Plaintiff, GLORIA DAIL, is an individual who resides in Brazoria County, Texas.

3. Defendant, ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS, is a Foreign Corporation authorized to do business in the State of Texas, who may be served with service of process by serving the registered agent, CT Corporation Systems, at 350 N. St. Paul, Suite 2900, Dallas, Texas, 75201, or wherever they may be found. <u>**CITATION IS HEREBY REQUESTED**</u>.

## III.
## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

5.      Venue in Brazoria County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial portion of the facts giving rise to the injuries occurred in Brazoria County.

## IV.
## ASSUMED NAMES, MISNOMER, AND ALTER EGO

6.      As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of this lawsuit occurred, including August 27, 2020, doing business as Defendant ROSS STORES, INC. D/B/A ROSS DRESS FOR LESS. Further, in the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

## V.
## FACTS

7.      On or about August 27, 2020, Plaintiff Gloria Dail, entered upon the premises of Ross Dress For Less, located at 100 W. Highway 332 #1174, Lake Jackson, Brazoria County, Texas, for the purpose of shopping. Plaintiff entered the store at the invitation of Defendant, to engage in shopping. While she was shopping in the store, she went around the corner near the rear of the store and slipped and fell on a broken bottle of oil which cut her hand and caused her to bleed profusely. Plaintiff's serious bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care,

should have known existed. As a result of Defendant's negligent acts and omissions, Plaintiff sustained serious and disabling personal injuries that have required extensive medical treatment and surgery.

8. Defendant and their employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition. As a result of the fall, Plaintiff sustained serious and permanent personal injuries and damages.

## VI.
## NEGLIGENCE OF THE DEFENDANT

9. Plaintiff alleges that upon the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

  a. Failure to keep their premises reasonably safe for their customers;

  b. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

  c. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

  d. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

  e. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

  f. Failure to enforce policies for inspecting the premises for unreasonably dangerous conditions;

  g. Permitting a dangerous condition, of which Defendant should have reasonably been aware, to exist for an unreasonable period of time;

  h. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendant had actual or constructive knowledge;

*Plaintiff's Original Petition*

i.  Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

j.  Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

k.  Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

l.  Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

10. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.
## RESPONDEAT SUPERIOR

11. At all relevant times herein, all of the agents, servants, or employees of Defendant who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant and renders Defendant liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior*.

## VIII.
## NEGLIGENCE OF THE DEFENDANT'S EMPLOYEES

12. Plaintiff alleges that upon the occasion in question, the Defendant's employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

a. Failure to keep the premises reasonably safe for its customers;

b. Failure to eliminate any unreasonably dangerous conditions; and

c. Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

13. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## IX.
## DAMAGES

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe personal injuries, and to incur the following damages:

A. The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

B. The physical pain and mental anguish that Plaintiff will suffer in the future;

C. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

D. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

E. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

F. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

G. Past and future physical disfigurement; and

H. Past and future physical impairment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be

entered for the Plaintiff against Defendant for damages of more than $1,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        THE KAHN LAW FIRM, P.C.

        */s/ Jennifer H. Kahn*

        JOHN J. KAHN, JR.
        Texas Bar. No. 24034515
        JENNIFER H. KAHN
        Texas Bar No. 24032304
        2225 County Road 90, Suite 109
        Pearland, TX 77584
        (713) 226-9900 Telephone
        (713) 226-9901 Facsimile
        john@kahnlawyers.com
        jennifer@kahnlawyers.com
        **ATTORNEYS FOR PLAINTIFF**

# Defendant's Answer to Original Petition

CAUSE NO. 119313-CV

| | | |
|---|---|---|
| GLORIA DAIL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| ROSS STORES, INC. D/B/A | § | |
| ROSS DRESS FOR LESS, | § | |
| | § | |
| Defendant. | § | 412ʰ JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ross Stores, Inc., doing business as Ross Dress for Less, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all

sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4. By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Defendant affirmatively pleads that Plaintiff failed to keep a proper lookout; thus, Plaintiff contributed to the accident or was the sole cause of the incident for which Plaintiff brings suit.

## H.
## JURY DEMAND

8. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Ross Stores, Inc. d/b/a Ross Dress for Less, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and

taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

          Respectfully submitted,

          **GERMER, PLLC**

By: _____
      TROY A. WILLIAMS
      State Bar No. 00788678
      SERENA HARMON
      State Bar No. 00785943
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail: twilliams@germer.com*
*E-Mail: sharmon@germer.com*

ATTORNEYS FOR DEFENDANT
ROSS STORES, INC. D/B/A
ROSS DRESS FOR LESS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 10th day of October, 2022:

    *John@kahnlawyers.com*
    *Jennifer@kahnlawyers.com*
    The Kahn Law Firm
    2225 County Road 90, Suite 109
    Pearland, Texas  77585
    *Attorneys for Plaintiff*

_____
TROY A. WILLIAMS

4

# Defendant's Jury Demand

CAUSE NO. 119313-CV

| | | |
|---|---|---|
| GLORIA DAIL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| ROSS STORES, INC. D/B/A | § | |
| ROSS DRESS FOR LESS, | § | |
| | § | |
| Defendant. | § | 412$^{h}$ JUDICIAL DISTRICT |

## RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Ross Stores, Inc. d/b/a Ross Dress for Less, requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

**GERMER, PLLC**

By: _____
  TROY A. WILLIAMS
  State Bar No. 00788678
  SERENA HARMON
  State Bar No. 00785943
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail: twilliams@germer.com*
*E-Mail: sharmon@germer.com*

ATTORNEYS FOR DEFENDANT
ROSS STORES, INC. D/B/A
ROSS DRESS FOR LESS

2

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 10th day of October, 2022:

*John@kahnlawyers.com*
*Jennifer@kahnlawyers.com*
The Kahn Law Firm
2225 County Road 90, Suite 109
Pearland, Texas  77585
*Attorneys for Plaintiff*

 

_____
TROY A. WILLIAMS

2